### R. W. RAYNE *v.* MARY B. O'BRIEN AND HUSBAND.

The appeal will be dismissed under the rule of court of 29th May, 1854, where the appellant has died since the appeal, and the administrator having received the twenty-five days' notice required by that rule, fails to make himself a party.

The delay for applications for re-hearing is fixed by law at three judicial days, and longer time should not be allowed within which to move to reinstate an appeal dismissed under a rule of court.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*Race & Foster,* for plaintiffs.    *A. Roberts,* for defendants and appellants.

On the motion to dismiss appeal :

BUCHANAN, J.    The plaintiff and appellee moves to dismiss this appeal under the rule of court of the 29th May, 1854, the appellant, *Mary O'Brien,* having died since the appeal, and the administrator having received the twenty-five days' notice required by that rule, to make himself a party without having done so.

Appeal dismissed.

On the motion to reinstate the appeal :

BUCHANAN, J.    The record of appeal was filed in this case, in this court, on the 7th June, 1854, and the appeal was dismissed on the 4th February, 1856, under the provisions of the rule of court of the 29th May, 1854.    The proceedings for the dismissal of the appeal were perfectly regular, and upon proper showing.

On the 27th April, 1857, more than a year after the judgment of dismissal, the administrator of the appellant, *Mary O'Brien,* moved to reinstate the appeal.

This motion is entirely too late.    The delay for applications for re-hearing upon the final decision of the most important questions that come before us, is fixed by law at three judicial days ; and no reason is perceived why a longer time should be allowed for reinstating an appeal dismissed under our rule, especially when the party making the application is a resident of the place where the court holds its sessions, as in the present case.

Rule to reinstate discharged, at costs of mover.